**PHILLIPS, Plaintiff-Appellant v. WEED, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3711. Decided June 26, 1944.

212

R. R. Shaw, Columbus, for plaintiff-appellant.

John L. Davies, City Atty., and Baxter Evans, Asst. City Atty., Columbus, for defendant-appellee.

**OPINION**

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court dismissing plaintiff's amended petition at his cost, after sustaining of a demurrer thereto, plaintiff electing to plead no further.

The action was to enjoin the Director of Public Safety from appointing Otto W. Phillips to the position of Chief of Detectives of the City of Columbus.

The petition recites that on October 3, 1941, plaintiff was provisionally appointed as Chief of Detectives under the classified Civil Service; that thereafter the municipal Civil Service Commission of said city announced an examination for the position of Chief of Detectives and that applications to take said examination would be accepted beginning Monday, March 9, 1942, at 8:30 A. M., and contiune until March 18, 1942, at 4:30 P. M.; that on Monday, March 9, 1942, at 10:22 A. M. Otto W. Phillips filed his application to take said examination, and that the plaintiff Leo L. Phillips filed his application to take the said examination on the same date at

11:01; that upon examination held said Commission approved a list of date April 9, 1942, as follows:

Clement R. Owens, 99 per cent.

Otto W. Phillips, 97.08 per cent.

Leo L. Phillips, 97.08 per cent.

That thereafter on August 17, 1943, said Commission certified the name of Owens to the Director of Public Safety for the appointment as Chief of Detectives; that on August 21, 1943, said Owens waived in writing his right to said appointment; that thereafter on August 23, 1943, said Commission certified the name of Otto W. Phillips to the Director of Public Safety as the next highest name on said eligible list for appointment to said position.

Plaintiff says that on Monday, March 9, 1942, he was engaged in official business of his Department and that it was impossible for him to present his application prior to 11:01 on said date. It is alleged that the action of the Commission in certifying the name of Otto W. Phillips was illegal, unconstitutional, capricious and an abuse of discretion.

Appellant states in his brief that he urges but one assignment of error namely,

"The law is unconstitutional by which the court held that in the event of two or more applicants receiving the same mark in an examination, priority in the time of application shall determine the order in which their names shall be placed on the eligible list."

The section of the Code under which the eligible list was provided from which the Commission certified the name to the appointing authority is **486-12 GC**, which provides in part:

"From the returns of the examinations the Commission shall prepare an eligible list of the persons whose general average standing upon examinations for such grade or class is not less than the minimum fixed by the rules of the Commission and who are otherwise eligible; and such persons shall take rank upon the eligible list as candidates in the order of their relative excellence as determined by the examination without reference to priority of time of examination. **In the event of two or more applicants receiving the same mark in an examination, priority in the time of application shall determine the order in which their names shall be placed on the eligible list.**"

It is the emphasized portion of the quoted section under which the name of Otto W. Phillips was certified under §486-15a GC, which is a late section, effective July 24, 1939, and in part provides:

"If there is a list, the civil service commission shall, where there is a vacancy, immediately certify the name of the person having the highest rating and the appointing authority shall appoint such person within thirty days from the date of such certification."

Broadly stated, it is the claim. of appellant that the provision requiring that when two applicants receive the same grade that the one shall first be certified who has first filed his application to take the examination, sustains no relation whatever to the essential test prescribed by the constitutional provision controlling appointments and promotions in the Civil Service of the State, namely, **Article XV, Section 10, Ohio Constitution,**

"Appointments and promotions in the Civil Service of the State, and several counties and cites, shall be made according to merit and fitness to be ascertained as far as practicable by competitive examinations."

Though not germane to the one error assigned, it is urged that inasmuch as the Phillips brothers received the same rating upon the written examination, that some other and further test, which it is suggested should have been a physical examination, should have been given whereby determination could have been made as to the superior fitness of one of the applicants. There is no doubt that such procedure could have been set up by the commission and that it would have had some relation to merit and fitness to fill the position which both applicants sought. However, it is not sufficient to hold that some such examination might properly have been conducted. It is essential to the relief sought by the plaintiff here that he establish that the examination which was taken and the procedure which was adopted and followed by the Commission is in violation of the substantive provisions of the Constitution which we have quoted.

We are cited to no adjudications and have been unable to find any upon the narrow question here presented. In so far as we know, the issue, although capably presented here, has

not been passed upon by any court in Ohio or elsewhere. It is, however, highly probable that such a situation has developed in the administration of the Civil Service Act in Ohio, and that Civil Service Commissions have appled the provisions of §486-12 GC and given priority where applicants receive the same mark in an examination, to the one who first filed his application to take the examination. If we had proof of some such determination, resort could be had to the interpretation of the statute by those charged with its execution and application, and it would have some weight in favor of the construction that said statute was constitutional. **Hirn v State, 1 Oh St 15; Gallinger v Smith, 71 Oh St 13; Industrial Commission v Brown, 92 Oh St 309,** and many other cases cited; **37 O. Jur. p. 698.**

We cannot say under the pleaded facts, that the written examination did not afford a means of determining, as far as practicable, the relative merit and fitness of those who took the test.

It is urged that a further physical test should have been submitted. Whether physical superiority would enhance the qualification of an incumbent in the office here to be filled, is susceptible of different interpretations.

The greatest detective in fiction, Sherlock Holmes, was not noted for his strength of body but for his astuteness of mind. On the other hand, much can be said for the claim of appellant that the tie of the brothers upon the scholastic examination might well have been broken by their subjection to a common physical test. But such conclusion may not, as a matter of law, be made when it involves the exercise of a reasonable discretion vested in the Commission to determine the form of competitive examination to be submitted.

As we view it, the determinative question here is whether or not there is any reasonable relation between the subject matter of §486-12 GC requiring that when two or more applicants receive the same mark in an examination, priority in the time of application shall determine the order in which their names shall be placed on the eligible list and the merit and fitness provision of the Constitution.

It was our first impression when this case was orally presented that there was no such relation; that the fact that one applicant would file his application earlier than another would afford no assistance whatever in determining his merit and fitness for a position in the classified service. However, upon further and more mature consideration, we believe that there

is a definite relation between the provision in the statute and the constitutional requirement. The early filing of an application indicates a quality of aptness, an attitude of promptness and an appreciation of the law relating to the appointment under consideration. All of these qualities relate in a most practical sense to the merit and fitness of an individual to meet the duties of any position within the classified service and, especially the one immediately under consideration here.

Judgment affirmed.

BARNES, P. J., and GEIGER, J., concur.